**FROM: The District Court of the 21st Judicial District. County of Ravalli.**

STATE OF MONTANA,

Plaintiff,

vs.

NO. 98-46

DECISION

Paul E. Parker,

Defendant.

On February 17, 1999, the defendant was sentenced to the following: Sexual Assault (2 counts): fifty (50) years in the Montana State Prison with twenty (20) years suspended on each count, to run concurrently with one another; Sexual Intercourse Without Consent, a felony (2 counts): fifty (50) years in the Montana State Prison with twenty (20) years suspended on each count, to run concurrently with one another, but consecutive to the Sexual Assault charges; Burglary, a felony (1 count): twenty (20) years in the Montana State Prison with ten (10) years suspended, to run consecutive to the Sexual Assault and Sexual Intercourse without Consent charges. The net result will be a sentence of 120 years in the Montana State Prison with 50 years suspended.

On June 18, 1999, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and represented by David E. Stenerson. The state was not represented.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the length of the sentence shall remain the same, however the term of the suspended portion shall be amended to seventy (70) years, with the same conditions set forth in the district court. The net result would be 120 years in the Montana State Prison with seventy (70) years suspended.

The reasons for the amendment are that this is the defendant's first offense of a sexual nature, there was no violence associated with the crime, the defendant's complete willingness to take responsibility for this crime, and his refusal to submit the victim to a trial procedure, which speaks well for his prospects for rehabilitation. Because of the nature of the crime and the defendant's past history, fifty (50) years in the Montana State Prison is appropriate.

Done in open Court this 18th day of June, 1999.

DATED this 19th day of July, 1999.

**Chairman, Hon. Richard G. Phillips, Member, Hon. Marge Johnson and Alt. Member, Hon. Robert Boyd**